UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1225 Randall Avenue LLC,<br><br>          Plaintiff,<br><br>    -v-<br><br>Hiscox Insurance Company Inc.,<br><br>          Defendant. | 2:25-cv-697<br>(NJC) (SIL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

  Plaintiff 1225 Randall Avenue LLC ("1225 Randall Avenue") initiated this action in New York state court on December 5, 2024, bringing state law claims against Defendant Hiscox Insurance Company, Inc. ("Hiscox Insurance"). (Compl., ECF No. 1-1.) On February 6, 2025, Hiscox Insurance removed this case to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441(a), invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Not. Removal, ECF No. 1.)

  I have reviewed the entire record, including but not limited to: (1) 1225 Randall Avenue's Complaint (Compl.); (2) 1225 Randall Avenue's Amended Complaint (Am. Compl., ECF No. 20), filed on April 7, 2025; (3) Hiscox Insurance's Response to the Court's Order to Show Cause (Order Show Cause, Elec. Order, Feb. 10, 2025; Resp., ECF No. 10); and (4) 1225 Randall Avenue's Corporate Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1 (1225 Randall Avenue Corporate Disclosure Statement, ECF No. 11). For the reasons explained below, Hiscox Insurance has failed to establish that this Court possesses diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a). Accordingly, I remand this case to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## BACKGROUND

On December 5, 2024, 1225 Randall Avenue filed this suit in the Supreme Court for the State of New York, Nassau County, seeking a declaratory judgment that Hiscox Insurance is obligated to indemnify 1225 Randall Avenue in a separate state court action. (*See* Compl.) 1225 Randall Avenue served the Complaint on Hiscox Insurance on January 7, 2025. (Aff. Service, ECF No. 1-2.) On February 6, 2025, Hiscox Insurance timely removed this case to the Eastern District of New York, and it was assigned to my docket.[1] (Not. Removal.)

On February 10, 2025, I issued an Order to Show Cause, requiring Hiscox Insurance to "show cause" by February 24, 2025, "in writing, with all material facts established by sworn affidavit, why this Court should not remand this action under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction." (Order Show Cause.) In the Order to Show Cause, I found that the Notice of Removal established that the $75,000 amount in controversy requirement for jurisdiction was met because the Complaint seeks indemnification arising out of a $2 million insurance policy. (*Id.*) I also found that the Notice of Removal established that Hiscox Insurance is a citizen of Illinois. (*Id.*) I found, however, that the Notice of Removal failed to establish 1225 Randall Avenue's citizenship because: (1) "the Complaint does not allege the identity of all members of [1225 Randall Ave] or the citizenships of those members" and (2) "the Notice of

---

[1] 28 U.S.C. § 1446(b)(1) requires that a notice of removal be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading." The record indicates that 1225 Randall Avenue served Hiscox Insurance on January 7, 2025 (Aff. Service) and that Hiscox Insurance removed this action on February 6, 2025 (Not. Removal)—exactly 30 days after service.

Removal's allegations as to [1225 Randall Avenue's] members' citizenship are made 'upon information and belief.'" (*Id.*)

Hiscox Insurance timely responded on February 20, 2025 (Response), attaching the following documents: (1) an affidavit from Hiscox Insurance's counsel Elan Kander (Kander Aff., ECF No. 10 at 3–4); (2) excerpts from Tamir Gayr's November 25, 2024 state court action for which 1225 Randall Avenue seeks indemnification (Gayr Tr., ECF No. 10 at 5–13); (3) an email exchange between Kander and 1225 Randall Avenue's counsel Melanie Wiener (Counsel's Email Exchange, ECF No. 10 at 14–18); and (4) a document written in Hebrew, which Kander represents is a record from the Israeli Corporations Authority that "identify[ing]" the members of Leviyor Investments, LLC ("Leviyor Investments"), which, in turn, is a member of 1225 Randall Avenue (Israeli Corporations Authority Record, ECF No. 10 at 19–21). Hiscox Insurance's Response identifies 1225 Randall Avenue's members as individuals Tamir Gayr, Erez Dasa, and Hillary Segal and the limited liability company, Leviyor Investments, whose members are Yoav Levinson, Gili Levinson, and Iris Levinson (the "Levinsons"). (Resp. at 1.) The Response represents that Gayr, Dasa, and Segal are "citizens of New York" and that the Levinsons are citizens of Israel. (*Id.*)

Additionally, on February 21, 2025, 1225 Randall Avenue filed a Corporate Disclosure Statement in which it represents that "[t]he members of 1221 [*sic*] Randall are: Tamir Gayr, a citizen of the State of New York"; "Hilary Segal, a citizen of the State of New York"; "Erez Dassa, a citizen of the State of New York"; and "Leviyor Investments Ltd., an Israeli limited liability company whose members are all residents of Israel." (1225 Randall Avenue Corporate Disclosure Statement at 1.)

3

## LEGAL STANDARDS

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 616–17 (2d Cir. 2019) (quotation marks and citations omitted). As the Second Circuit has recognized, "[p]erhaps the most important limit is subject-matter jurisdiction, which defines a court's competence to adjudicate a particular category of cases." *Id.* (quotation marks and citations omitted). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Id.* at 617–18 (quotation marks omitted).

Hiscox Insurance, as the party asserting jurisdiction in this action, bears the burden of establishing that the Court has diversity jurisdiction. *See Proman o/b/o M/Y "EASTBOUND AND DOWN" v. Gatsby Yacht Grp., LLC*, 599 F. Supp. 3d 127, 129–30 (E.D.N.Y. 2022) (citing *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)). This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). In any case removed to Federal Court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceed $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020).

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019). It is well-established that allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider factors, including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

"For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). "[T]he citizenship of a limited liability

5

company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

## DISCUSSION

As I noted in the Order to Show Cause, Hiscox Insurance has established that it is a citizen of Illinois because it is an Illinois corporation with its principal place of business in that state. (Not. Removal ¶ 5.) Hiscox Insurance has also established that the amount-in-controversy requirement is met because the Complaint brings defense and indemnity coverage claims arising out of a $2 million insurance policy. (Compl. ¶¶ 17–28; Not. Removal ¶ 8.)

Hiscox Insurance, however, has still failed to establish that this Court has diversity jurisdiction over this action because its Response does not establish the citizenships of 1225 Randall Avenue's members.

As an initial matter, the Response is sufficient to establish that the members of 1225 Randall Avenue are Gayr, Dasa, Segal, and Leviyor Investments. (*See* Gayr Tr. 8:17–21, 15:19–20 (Gayr testifying that as to the identity of 1225 Randall Avenue's members).) Although thin, the record likewise confirms that Gayr, Dasa, and Segal are citizens of New York. 1225 Randall Avenue confirmed in an email to Hiscox Insurance's counsel that Gayr, Dasa, and Segal are "domiciled" in New York. Counsel's Email Exchange, ECF No. 10 at 14–15; *Van Buskirk*, 935 F.3d at 53–54 (holding that "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning" and that allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes"). Likewise, at his deposition, Gayr testified that his "[h]ome" was in Valley Stream, New York. (Gayr Tr. 6:11–13; 8:17–21.)

6

Nevertheless, Hiscox Insurance's Response fails to establish the citizenship of Leviyor Investments. Kander attests that the Levinsons are "the members of Leviyor Investments," relying on a Hebrew-language document for which Hiscox Insurance has not provided an English translation. (Kander Aff. ¶ 5.) This Court cannot rely on an untranslated document.[2] But even accepting as true Kander's representations regarding the document's contents, the Response does not establish the citizenship of the Levinsons. Rather, it merely states in a conclusory fashion that the Levinsons are "citizens" of Israel, and the email exchange between counsel confirms only that the Levinsons "reside" in Israel. Response at 1–2; Counsel's Email Exchange, ECF No. 10 at 13; *Van Buskirk*, 935 F.3d at 54 (allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes").

---

[2] *See Sicom S.P.A. v. TRS Inc.*, 168 F. Supp. 3d 698 (S.D.N.Y. 2016) ("[The parties] should bear in mind that foreign-language documents . . . cannot be reviewed or relied on by the Court, even if otherwise properly authenticated in the declaration to which they are attached, unless they are accompanied by certified translations into English."); *Chen v. 2425 Broadway Chao Restaurant, LLC*, No. 16-cv-5735, 2017 WL 3088394, at *7 n.9 (S.D.N.Y. July 20, 2017), *report & recommendation adopted* 2017 WL 4155400 (S.D.N.Y. Sept. 18, 2017) ("[The court has] not considered any document in the record that is not translated into English."); *In re Advanced Battery Techs., Inc. Securities Litig.*, No. 11-cv-2279, 2012 WL 3758085, at *9 (S.D.N.Y. Aug. 29, 2012) ("The fact that the [defendants] failed to provide certified translations of the words that appear on the screen shots precludes my consideration of them."); *Glencore Ltd. v. Agrogen, S.A. de C.V.*, 36 F. App'x 28, 28–29 (2d Cir. 2002) (affirming arbitral judgment where arbitrator "refused to receive into evidence reams of untranslated Spanish-language documents").

## CONCLUSION

For the foregoing reasons, Hiscox Insurance has failed to establish that diversity jurisdiction exists under 28 U.S.C. § 1332(a). This action is therefore remanded to the Supreme Court for the State of New York, Nassau County.

Dated: Central Islip, New York
April 25, 2025

        */s/ Nusrat J. Choudhury*
        NUSRAT J. CHOUDHURY
        United States District Judge